The Honorable Nancy Duffy Blount State Representative Post Office Box 623 Marianna, Arkansas 72360-0623
Dear Representative Blount:
You have requested my opinion on four questions. While the questions appear to arise out of the same set of facts, those facts are not provided as background for the questions and each question deals with a slightly different area of law:
 1. Can the construction manager for the school district select the architect for projects without board approval?
 2. If the construction manager is married to the administrative assistant to the superintendent, and hires the superintendent's wife to be his assistant, can the construction manager bid on the projects he is managing? Would this be a conflict of interest or ethic violation?
 3. Can the construction manager legally call a repair/renovation project of $20,000 or more a change order and not obtain bids, and complete the project himself?
 4. Once requests for bids have gone out, can changes in the work required be changed [sic] without notifying all of the bidders?
RESPONSE
I cannot definitively respond to your first, third, and fourth questions because I do not have the necessary facts. As for your second question, in my opinion, the scenario you describe does not present a conflict of interest. *Page 2 
DISCUSSION Question 1: Can the construction manager for theschool district select the architect for projects without boardapproval?
The answer to this question depends on the contract between the school and the construction manager. Because you have not indicated what sort of contract exists between the two entities, I cannot definitively answer your question.
If the school is using a project delivery method called "design-build' under A.C.A. § 19-11-807, then it seems likely that the school has authorized the manager to "select" the architect. I am not sure whether you are using the term "construction manager" colloquially or as a term-of-art as defined in A.C.A. § 19-11-801. If you are using it as a term-of-art, then I assume the school is not using a design-build method because that method does not contemplate the use of a "construction manager." If the school is using a construction manager under section 19-11-801, then the construction manager cannot select the architect without board approval. In contrast, if you are using "construction manager" colloquially, then it may be that you are referring to a "design-builder" under A.C.A. § 19-11-807(a)(2)(A), in which case the design-builder can "select" the architect.
Because I do not have enough facts regarding the school's contract with the "construction manager," I cannot definitively opine on your question.
Question 2: If the construction manager is married tothe administrative assistant to the superintendent, and hires thesuperintendent's wife to be his assistant, can the constructionmanager bid on the projects he is managing? Would this be a conflictof interest or ethic violation?
I assume you are asking about the construction manager only. Your question seems to assume that the construction manager could somehow be disqualified from bidding (or from performing the work if he were the successful bidder) simply because of the relationships your question describes. In my opinion, if there is any conflict of interest in the construction manager bidding on the project he has been hired to manage, it would not simply be because of the relationships you describe in your question. Instead, if there is a conflict, it would flow from his responsibilities as construction manager. The questions would be whether the performance of his duties as construction manager somehow disqualifies him from *Page 3 
bidding and whether those duties somehow disqualify him from doing the work if he were the successful bidder.
I am not aware of any explicit constitutional or statutory authority that either prohibits or enables the construction manager to bid on (or be awarded the contract on) the project the construction manager has been hired to manage. Nevertheless, at the bidding stage, the construction manager may well be in a position to evaluate the bids and advise school district about which bidder is the "lowest responsible bidder." E.g., A.C.A. § 22-9-203(d). If the construction manager who bids on the project he is managing gains some kind of advantage for himself over the other bidders, then that would likely subvert the bidding laws themselves. This is ultimately a question of fact that must be evaluated on a case-by-case basis. I am neither equipped nor authorized to make such evaluates when issuing opinions. At the stage of accepting bidders, if the construction manager is hired to build a portion of the project he is managing, there may be a conflict. But if such a conflict exists, that conflict is likely a matter of private law — such as the law of agency. I cannot opine about matters of private law.
Question 3: Can the construction manager legally call arepair/renovation project of $20,000 or more a change order and notobtain bids, and complete the project himself?
I cannot definitively answer this question because it depends on facts that I cannot find or evaluate when issuing opinions. The question whether a "change order" is really an entirely new repair/renovation project is a question of fact that must be evaluated on a case-by-case basis. Your question's wording implies that, all the facts considered, the construction manager is improperly treating a repair/renovation project as a mere change order. But that is precisely the factual question that needs to be answered. If the project really is a new repair/renovation project, then the construction manager cannot "call" it a mere change order. I am neither equipped nor authorized to evaluate whether the facts that gave rise to your question indicate that the work to be completed is a mere change order or a new repair/renovation project.
Question 4: Once requests for bids have gone out, can changesin the work required be changed [sic] without notifying all of thebidders?
I cannot answer this question definitively because it relies on facts that I am neither authorized nor equipped to determine when issuing opinions. I assume you *Page 4 
are asking whether the board (or its agent) can change the description of the work to be done after the board has invited bids but before any bid is accepted. I cannot find any statute that governs your question. It is my understanding, however, that the standard industry practice in such circumstances is for the board to issue an addendum to the original description of the work that was included in the invitation for bids.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General